**McCARTHY & HOLTHUS, LLP**
Melissa Robbins Coutts, Esq. (SBN: 246723)
411 Ivy Street
San Diego, CA 92101
Email: mcoutts@mccarthyholthus.com
 Telephone: (619) 685-4800
 Facsimile: (619) 685-4811

Attorneys for Plaintiff,
JPMorgan Chase Bank, National Association

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JPMorgan Chase Bank, National Association, Its Assignees and/ or Successors<br><br>                   Plaintiff,<br><br>vs.<br><br>Steven Godwin, Carl Walker and DOES 1-10 Inclusive<br><br>                   Defendant. | Case No. 2:18-CV-08211-AB (SK)<br><br>**POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND TO SUPERIOR COURT**<br><br>Date: December 7, 2018<br>Time: 10:00 a.m.<br>Courtroom 7B<br>Judge: Hon. Andre Birotte Jr. |

Plaintiff, JPMorgan Chase Bank, National Association respectfully submits the following Memorandum of Points and Authorities in Support of its Motion to Remand this case to the Los Angeles County Superior Court.

## FACTUAL BACKGROUND

Plaintiff is the current owner of the real property commonly known as 29416 Malibu View Ct. Agoura Hills, CA 91301 (the "Subject Property"), having obtained its ownership interest by way of a non-judicial foreclosure. (Compl. ¶¶ 1, 8-11.) Following the foreclosure, Plaintiff served Defendant Carl Walker and all others in

possession with a 3-day Notice for Possession on January 28, 2018. (Compl. ¶ 12, Ex. 2 and 3.)

After the Notice for Possession expired, and because Defendants failed to vacate the Property, Plaintiff filed the pending state court action with the Los Angeles County Superior Court on May 1, 2018 as Case No. 18VEUD02290 (the "Unlawful Detainer Action"). (See Compl.) The Complaint was served on Defendants on May 7, 2018. (Coutts Decl. ¶ 3, Ex. 1.) Defendant Carl Walker filed a Motion to Quash on or around May 15, 2018. (Coutts Decl. ¶ 4.) The Court denied Defendant's Motion to Quash. (Id.) Defendant then filed a Motion to Strike, which was also denied. (Coutts Decl. ¶ 5.) Defendant filed his Answer on August 20, 2018 and trial was set for September 24, 2018. (Coutts Decl. ¶ 6, Ex. 2.) Two additional Defendants - Natalie Dinovitz and Erika Vasquez – also filed Answers. (Coutts Decl. ¶ 7, Exs. 3, 4.)

Defendant filed the Notice of Removal on September 21, 2018 – one business day before the case was to proceed to trial in Superior Court, thus resulting in the trial being vacated.

## POINTS AND AUTHORITIES

### I.  LEGAL STANDARD

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed in the federal court at the time the complaint was filed. 28 U.S.C. 1441(a). Removal jurisdiction is governed by statute. See 28 U.S.C. §§ 1441, *et seq.* The Ninth Circuit applies a strong presumption against removal jurisdiction, Ethridge v. Harbor House Rest., 861 F. 2d 1389. 1393 (9th Cir. 1988), and "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles. Inc., 980 F. 2d 564. 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F. 2d 709, 712

n.3 (9th Cir. 1990)). "[R]emoval statutes are strictly construed against removal." Luther v. Countrywide Home Loans Servicing, LP, 533 F. 3d 1031, 1034 (9th Cir. 2008).  As such, any doubts regarding the propriety of the removal favor remanding the case. See Gaus, 980 F. 2d at 566.

In the case of a removed action, a district court must remand the case to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); Gaus, 980 F. 2d at 566.  The defendant always bears the burden of establishing that removal is proper. Gaus, 980 F. 2d at 566. "Federal jurisdiction must be rejected if there is any doubt as to right of removal in the first instance." Id.

Such subject matter jurisdiction may be obtained via diversity of citizenship or federal question jurisdiction. The standard for removal based on federal question, is contained in 28 U.S.C. §1441(a) which provides:

> "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

District courts have original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties, of the United States." 28 U.S.C. § 1331.  The presence or absence of federal-question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

Diversity of Citizenship requires complete diversity of citizenship among the parties, as well as, a minimum amount in controversy of over $75,000.  28 U.S.C. § 1332.  It is incumbent upon the party seeking removal to establish complete diversity among all parties. The party seeking removal must also show by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold. Valdez v. Allstate Ins. Co., 372 F. 3d 1115, 1117 (9th Cir. 2004) (quoting Matheson v. Progressive Specialty Ins. Co., 319 F. 3d 1089, 1909 (9th Cir. 2003)).

### A. The Removal is Procedurally Defective.

Defendant's notice of removal is procedurally defective, as (1) it is untimely; (2) Defendant materially participated in the Unlawful Detainer Action prior to removing the case; and (3) it was not joined by all Defendants.

Pursuant to Federal Rule of Civil Procedure, 28 USC § 1446(b), a defendant must remove the action within thirty days of receiving service of the Summons and Complaint. The Summons and Complaint were served on Defendant on May 7, 2018. (Coutts Decl. ¶ 3, Ex. 1.)  The removal was not filed until September 21, 2018, roughly 138 days after service of the Summons and Complaint.  Thus, the removal is untimely and the Unlawful Detainer Action should be remanded for this reason alone.

Further, Defendant Carl Walker has materially participated in the Unlawful Detainer Action by filing motions and applications. (Coutts Decl. ¶¶ 4-5.)  A defendant who participates in the merits of the case in state court even when grounds for removal exist will *waive* the right to remove even when the thirty-day period of 28 USC §1446(b) has not yet expired. See, e.g., Baker v National Blvd. Bank, 399 F.Supp 1021 (N.D. Ill. 1975) (emphasis added).  A defendant cannot first experiment in state court before removing the case. See Gore v Stenson, 616 F.Supp 895 (S.D. Tex. 1984) (defendant who takes some substantial defensive action in state court action before filing notice of removal may waive right to removal).  Defendant materially participated in Unlawful Detainer Action by filing the Motion to Strike, in which he challenged the substance of Plaintiff's Complaint.  As such, Defendant has waived the right to remove the Unlawful Detainer Action.

Finally, a Notice of Removal must be joined by all Defendants who have been served with the Complaint.  28 U.S.C. § 1446(b)(2).  The Notice of Removal was signed only by Carl Walker, even though other Defendants had been served and had filed Answers in the action.  (See Coutts Decl. Exs. 3, 4.)  Accordingly, the Notice is procedurally defective and subject to remand.

/ / / /

**B. The Court Lacks Jurisdiction Over the Unlawful Detainer Action.**

Even if Defendant's removal had been timely and procedurally proper, the Court should still remand as there is no subject matter jurisdiction over the Unlawful Detainer Action.

1) The Unlawful Detainer Action is not based on a federal statute.

Plaintiff's Unlawful Detainer Action is based exclusively on California Code of Civil Procedure sections 1161b and 1174(b). Where a complaint only alleges state law claims, the action is not removable pursuant to 28 U.S.C. § 1331. "A cause of action arises under federal law only when the plaintiff's well pleaded complaint raises issues of federal law." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). A well pleaded complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983); see also In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F. 3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); FW/PBS. Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"). Thus, Plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392.

Unlawful detainer actions are cases arising under the state's Code of Civil Procedure. The remedy is strictly statutory, beginning with California Code of Civil Procedure Section 1161, *et seq*. Defendant is a purported occupant of the foreclosed real property. Because unlawful detainer cases are strictly statutory, and because there are no unlawful detainer federal statutes which would be relevant to the eviction

of the foreclosed borrowers, there is no federal question, and this Court would not have had original jurisdiction over this matter as filed by the Plaintiff.

Federal subject matter jurisdiction must be apparent from the face of the complaint, and cannot lie in anticipated defenses. In reviewing the complaint, it is readily apparent that this case does not satisfy the jurisdictional requirements for federal subject matter jurisdiction as Plaintiff's complaint is for unlawful detainer and does not assert any federal claims. Thus, based on the record presented, it is facially apparent that this case does not meet the requirements for federal subject matter jurisdiction.

### 2) The Court lacks diversity jurisdiction over the Unlawful Detainer Action.

Removal of the Unlawful Detainer Action based on diversity jurisdiction is also improper. United States District Courts have original diversity jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00" and is between parties of diverse citizenship. 28 U.S.C. § 1332. But in the instant case, Defendant cannot rely on diversity of citizenship to establish removal jurisdiction because of the forum defendant rule. Specifically, the forum defendants rule provides that removal jurisdiction is only proper based upon diversity of citizenship when all the parties are diverse and no defendant is a citizen of the state in which the action was brought. See 28 U.S.C. § 1441(b)(2); see also Hurt v. Dow Chemical Co. (8th Cir. 1992) 963 F. 2d 1142, 1145; see also Parkview Edge Props., LLC v. Dumlao, 2014 U.S. Dist. LEXIS 167053, *1 (N.D.Cal. Dec. 2, 2014) (remanding unlawful detainer action because the defendants "cannot invoke diversity jurisdiction because they are citizens of California"); NGA Inv., LLC v. Beronilla, 2014 U.S. Dist. LEXIS 106981, *3-4 (N.D.Cal. Aug. 4, 2014) (granting motion to remand because "there is no federal jurisdiction over this unlawful detainer action because no federal question appears on the face of the complaint and because removal on the basis of diversity jurisdiction is barred by 28 U.S.C. § 1441(b)(2) due to

Defendants' residency in California").

Plaintiff objects to Defendant's violation of the forum defendant rule.  As a result, there is no basis for the Court to exercise Subject Matter Jurisdiction over the Unlawful Detainer Action and Plaintiff's Motion to Remand should be granted.

## CONCLUSION

Defendant's Notice of Removal is procedurally defective and the Court lacks subject matter jurisdiction over the Unlawful Detainer Action, therefore Plaintiff's Motion to Remand should be granted.

Dated:  November 2, 2018

Respectfully submitted,
**McCARTHY & HOLTHUS, LLP**

By:  */s/ Melissa Robbins Coutts*
Melissa Robbins Coutts, Esq.
Attorney for Plaintiff
JPMorgan Chase Bank, National Association