JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, ITS ASSIGNEES AND/OR SUCCESSORS<br><br>Plaintiff,<br><br>v.<br><br>STEVEN GODWIN, CARL WALKER and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No. 2:18-cv-08211-AB (SK)<br><br>**ORDER GRANTING MOTION TO REMAND** |

Before the Court is Plaintiff's unopposed Motion to Remand. Dkt. No. 8. The Court finds this matter appropriate for decision without oral argument and vacates the hearing scheduled for December 7, 2018. *See* Fed. R. Civ. P. 78; LR 7-15. For the following reasons, the Court **GRANTS** the Motion.

**I. BACKGROUND**

This case involves an unlawful detainer action brought by JP Morgan Chase Bank ("Plaintiff") against Defendants Steven Godwin, Carl Walker, and Does 1 through 10, Inclusive (collectively, "Defendants") in the Superior Court of California, County of Los Angeles.

Plaintiff alleges that it is the current owner of a parcel of real property located at

1.

29416 Malibu View Court, Agoura Hills, California 91301 ("Subject Property"). Compl. ¶ 1, Dkt. No. 1. Plaintiff obtained its ownership interest in the Subject Property by way of a non-judicial foreclosure. Compl. ¶ 8. On January 28, 2018, Defendants were served with a written notice to quit and deliver possession of the Subject Property to Plaintiff in compliance with Cal. Civ. Proc. Code § 1161. Compl. ¶ 12, Ex. 2.

Defendants did not comply and continue to remain in possession of the Subject Property without Plaintiff's permission or consent. Compl. ¶ 14. On May 1, 2018, Plaintiff initiated a limited civil case in the Superior Court by filing a complaint for unlawful detainer pursuant to Cal. Civ. Proc. Code § 1161(b). Compl., Dkt. 1 at 4. The complaint's cover sheet declares that the amount demanded "does not exceed $10,000." *Id*.

On September 21, 2018, Defendants, proceeding *pro se*, filed a Notice of Removal to this Court, asserting the Court has federal question and diversity jurisdiction. *See* Notice of Removal, Dkt. No. 1-1. On November 2, 2018, Plaintiff filed its Motion to Remand this case to the Los Angeles County Superior Court. *See* Mot. to Remand, Dkt. 8.

## II. LEGAL STANDARD

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Though not immediately apparent from the language of the statute, 28 U.S.C. § 1447(c) "differentiates between removals that are defective because of lack of subject matter jurisdiction and removals that are defective for some other reason, e.g., because the removal took place after relevant time limits had expired." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 392 (1998). The presence of either defect—lack of subject matter jurisdiction or defective removal procedure—constitutes sufficient grounds for the court to remand the case. *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 712 (1996); *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127–28 (1995).

2.

To remand based upon a procedurally defective removal, "there must be a motion to remand filed no later than 30 days after the filing of the removal notice," or else objection to the defect is waived. *Schacht*, 524 U.S. at 392. By contrast, to remand based upon a lack of subject matter jurisdiction, a motion may be made "at any time before final judgment." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996).

A defendant may generally remove a civil action from a state court to a federal court "embracing the place where such action is pending" if the action could have been brought in federal court originally. 28 U.S.C. § 1441(a). A federal court has federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 807–08 (1986). A federal court has diversity jurisdiction if: (1) the controversy is between "citizens of different States"; and (2) the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332; *see Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978). Therefore, if the district court has a basis for subject matter jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332, the action may be removed by a defendant. *Caterpillar Inc.*, 519 U.S. at 68–69 (1996); *Schacht*, 524 U.S. at 386.

However, a major limitation exists regarding the defendant's right to removal. A defendant may not remove a civil action to federal court in the state in which the action was brought if the defendant is a citizen of that state. 28 U.S.C. § 1441(b)(2); *see Lincoln Property Co. v. Roche*, 546 U.S. 81, 90, n. 6 (2005) (noting lower courts' characterization of the defect as procedural, not jurisdictional). Thus, a district court must remand a case removed by a "local" defendant—that is, a defendant who is a citizen of the state in which the action was originally brought—because this constitutes a procedurally defective removal. *See Spencer v. United States Dist. Court for N. Dist. of Cal.*, 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought bars removal.").

## III. DISCUSSION

Defendants assert removal is proper based upon diversity and federal question jurisdiction. Notice of Removal, (Dkt. No. 1-1). Plaintiff, on the other hand, argues that: (1) federal question jurisdiction is absent; (2) diversity jurisdiction is absent; and (3) removal was procedurally defective. Mot. to Remand (Dkt. No. 8). The Court finds Plaintiff has waived its arguments that removal was procedurally defective. Nonetheless, the Court agrees with Plaintiff that the Court lacks subject matter jurisdiction.

First, Plaintiff argues that Defendant's removal is procedurally defective because it was untimely and not joined by all Defendants. Mot. to Remand at 4. While Plaintiff correctly points out the procedural deficiencies in Defendant's removal, the Court finds Plaintiff has waived these arguments. A party must object to removal on the basis of a procedural defect within 30 days after the filing of the notice of removal, 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."). A party that fails to timely object to a procedural defect in removal forfeits that objection. *Lively v. Wild Oats Market, Inc.*, 456 F.3d 933, 942 (9th Cir.2006). Here, Defendants filed its notice of removal on September 21, 2018; Plaintiff filed its motion to remand on November 2, 2018, forty-two days later. Plaintiff's failure to file its motion to remand within the 30-day statutory period results in forfeiture of his procedural objections to removal. *See Powell v. DEF Express, Inc.*, 265 F. App'x 672, 674 (9th Cir. 2008).

The Court similarly finds Plaintiff has waived its "forum defendant rule" arguments because of its failure to file its motion to remand within the 30-day statutory period. *See* Mot. to Remand at 6-7. "[T]he forum defendant rule … is a procedural requirement, and thus a violation of this rule constitutes a waivable non-jurisdictional defect subject to the 30-day time limit imposed by § 1447(c)." *Lively*, 456 F.3d at 942. Therefore, the fact that Defendants violated the "forum defendant

rule" because they are citizens of California is of no consequence. Accordingly, the Court rejects Plaintiff's arguments that removal was procedurally defective.

Notwithstanding, the Court finds Defendant's removal was improper because the Court lacks subject matter jurisdiction. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Caterpillar Inc.*, 519 U.S. at 62. Here, there is no federal question presented because this is a state law unlawful detainer action. *See* Cal. Civ. Proc. Code 1161; *see also S.P. Growers Assn. v. Rodriguez*, 17 Cal. 3d 719, 726–27 (1976) (characterizing unlawful detainer actions as state law); *Galileo Fi. v. Miin Sun Park*, No. 09–1660, 2009 WL 3157411, at *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists."). Therefore, there is no federal question jurisdiction under 28 U.S.C. § 1331 because no federal question "is presented on the face of [Plaintiff's] properly pleaded complaint." *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Similarly, there exists no basis for diversity jurisdiction under 28 U.S.C. § 1332. While it is true that Plaintiff and Defendants are citizens of different states, namely New York and California, Plaintiff's original complaint explicitly seeks damages not exceeding $10,000. Dkt. 1 at 4. This fails to satisfy the $75,000 "amount in controversy" requirement under 28 U.S.C. § 1332. *See Campbell v. Vitran Exp., Inc.*, 471 Fed. App'x 646, 648 (9th Cir. 2012) ("[I]n assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'"); *see also Nationstar Mortg., LLC v. Ilori*, No. 13-2156, 2014 WL 197732, at *3 (C.D. Cal. Jan. 14, 2014) (finding no diversity jurisdiction in an unlawful detainer action because the complaint explicitly sought damages not to exceed $10,000). Thus, despite the presence of complete diversity of citizenship

between the parties, this Court has no basis for jurisdiction under 28 U.S.C. § 1332.

Accordingly, removal was improper in this case because the Court lacks subject matter jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion.

**IT IS SO ORDERED.**

Dated: December 6, 2018

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE